ground alone the Chancellor declared he should vote for a reversal.

Barlow, Spencer and Wright, senators, delivered written opinions for reversal, in which they maintained that the question whether *ale* or *strong beer* were within the prohibitions of the excise laws did not arise in the case; it not being shown, as they construed the return, that the defendant had sold such liquors by retail.

The judgment must therefore be considered as reversed on that ground only, and the Chancellor's *dictum* of thirteen pages on the other point is clearly *obiter*, and of no authority as a judicial decision.

---

ARESON *v.* ARESON, 3 Denio, 458—472.

In S. Ct. 5 Hill, 410.

ERROR from the Supreme Court. The plaintiff claimed title as one of the heirs at law of Benjamin Areson, deceased, who died seized, in 1841, having shortly before his death made his will, containing the following clause; "Second, I give and bequeath unto my beloved wife Mary, all my real estate, one clock, and the interest of $500 during her lifetime."

The remainder of the will contained sundry dispositions of *personal* estate, but no further notice of the testator's lands. The widow died in 1842, and unless she took a fee under the will the plaintiff was entitled to recover. The Supreme Court, Bronson, J., delivering the opinion, *held,* that the words "during her lifetime," were to be applied only to the last preceding antecedent: viz. "the interest of the $500," and that therefore the widow took a fee in the lands, and the court gave judgment of nonsuit.

Bronson, J., says, 5 Hill, 412, "But still this is a question where no great light can be obtained from the books. The testator intended that the wife should have the 'interest of $500 or, what is the same thing, $35 a year, as long as she lived; and the words 'during her lifetime' were used to express that intention, and not to limit or qualify the devise

.of real estate. This construction derives some aid from the fact that the real estate is no where else mentioned in the will. All the other clauses are confined, in terms, to the personal property.

"It is not without considerable hesitation that I have arrived at this conclusion; and it would not perhaps be too much to say, that this is one of the questions which some-times arise upon wills, where the matter might about as well be decided one way as the other."

Upon writ of error to this court, Barlow Senator, Hard Senator, Johnson Senator, Spencer Senator, and Wright Se-nator, delivered opinions for reversal; holding that the wife took a life estate only in the premises; that the words, "dur-ing her lifetime," referred as well to the two antecedents, "all my real estate," and " one clock," as to the interest of the $500.

Senators Porter and Van Schoonhoven maintained the conclusion adopted by Judge Bronson.

The judgment of the Supreme Court was *reversed* by a vote of 11 to 10.

---

An APPENDIX to 3d Denio, p. 589, contains notes of cases decided in the Court of Appeals, at the terms held in No-vember, 1847, and January, 1848, among which are the following cases of reversal.

1. CORNING and HORNER *v.* M'CULLOUGH. In S. Ct. 1 Denio 414. And FREELAND *v.* M'CULLOUGH, in which the same point was decided ; viz :

"A suit to enforce the liability of a stockholder for the debt of a corporation, under a provision of its charter, is not barred by the three years limitation provided for actions upon statutes, " the benefit and suit whereof are limited to the party aggrieved," (2 R. S. 298, § 31,) but may be brought at any time within six years after the cause of action ac-crued."

2. Jenks *v.* Smith, 3 Denio, 592.   In S. Ct. 1 id. 580.

The Court of Appeals held in this case as follows: "Where a cause in a justice's court was tried in the town of D. and the defendants justified under a chattel mortgage, executed by R., whose residence was not shown, but which had been filed in the clerk's office of the town of D., the plaintiff claiming the property under a sale on execution by a constable of the town of D., and no objection having been made on the trial that the mortgage was not filed in the proper town ; *held,* that the court of review should intend that it was assumed, on the trial before the justice, that the mortgagor resided in D., and that therefore the mortgage was filed in the proper office."

---

3. Spear *v.* Wardell, 3 Denio, 607.   In Ch. 1 Barbour R. 290.

The complainants, Spear and another, being judgment creditors of the defendants, sued out a warrant on the 5th of November, 1846, under the "act to abolish imprisonment, &c." The defendants after their arrest upon the warrant, but before any adjudication, made a general assignment of their property to a trustee for the benefit of all their creditors ; the proceeds to be distributed rateably among them. The judge before whom they were brought, on the 28th, ordered them to be committed, when they presented an inventory of their estate, and an account of their creditors, and prayed that their property might be assigned, and they discharged according to the act. The judge ordered accordingly, and granted a discharge. The complainants thereupon, and without issuing execution on their judgment, filed a bill against their debtors and the assignee to reach

71*b*

the property, and to have it applied in payment of their debt. An injunction having been issued against the assignee, he applied on motion to have it dissolved.

The Chancellor being of opinion that the complainants had not secured a right to a priority of payment, and that the assignment made pursuant to the application of the debtors, after the adjudication upon the warrant, to the assignee appointed by the judge, vested the property which passed by that assignment in him as a trustee for all the creditors of the assignors, rateably, and not for the benefit of the complainants exclusively, nor even for that portion of his creditors who were in a situation to sue out warrants against him, made an order dissolving the injunction, and denied the motion for a receiver.

The cause having been argued in the Court of Appeals, that court held that by the true construction of the provisions of the act under consideration, the complainants, in consequence of their proceedings, had acquired a right to priority of payment out of the assets of the debtors, and that the voluntary assignment made before the adjudication to commit, was a fraud upon that statute, and *reversed* the order of the Chancellor which had been appealed from.